FIDELITY INVESTMENT COMPANY, Appellee, v. A. L. WHITE, Appellant.

No. 40789.

JUNE 20, 1931.

F. W. Lohr, for appellant.

Milchrist, Schmidt, Marshall & Jepson, for appellee.

MORLING, J.—Reference may be had to the report of this case on the former appeal for the facts. On procedendo no trial notice was filed for the May term, 1930, of the district court at which plaintiff sought to bring on the further hearing but on May 15, 1930, the court entered the following order:

"* * * The parties being present by their counsel it is ordered by the court this cause be and the same hereby is placed on the calendar for the May term, 1930, of this court and that

on and after 10 days from this date this cause shall have the same status as if a trial notice had been filed herein 10 or more days prior to the commencement of this term of court; to which the defendant excepts."

The abstract recites that "on or about the 7th day of July, 1930, in the absence of the defendant's attorney the cause was assigned by the presiding judge for trial on July 18, 1930." On July 18, 1930, defendant filed motion to cancel the assignment because no trial notice was filed before the term or under the order of May fifteenth. On July 18, 1930, both parties appearing, the motion to cancel the assignment was submitted and overruled, defendant excepting. The order overruling the motion continues "Thereupon this matter proceeds to trial to the court upon which matter of determining the amount due the plaintiff as provided by the decision and direction of the Supreme Court in the regular order of its assignment and by agreement of parties hereto this matter is submitted to the court upon the Supreme Court decisions and abstracts filed before the Supreme Court in this matter and it is ordered by the court that both the plaintiff and the defendant herein be and they are hereby given until July 23, 1930, in which to file briefs herein." On July 25, 1930, the court entered judgment finding the amount of taxes at the time of the sale, (itemizing them) not including paving assessment totaled $128.87, finding subsequent taxes paid by plaintiff for 1923 to 1927, inclusive, $175.56, decreeing that plaintiff recover *in rem* on account of such taxes, including penalties $375.14, with interest, making the recovery a special lien upon the land sold at tax sale and granting special execution.

I. Appellant contends that under Section 11438, Code, 1927, the filing of trial notice was necessary in order to bring the case on for trial except by consent. The court entered an order in this particular case in the presence of counsel for appellant as well as counsel for appellee placing the case on the calendar and giving it after 10 days the same status as if trial notice had been regularly filed. The order by its terms was made in effect a trial notice and was entered more than 10 days before the day set for hearing. All of the purposes of the filing of a formal trial notice under Section 11438 were thereby accomplished. Nearly two months later, July 7, 1930, the court

assigned the case for trial for July 18, 1930. This gave appellant 11 days to prepare. While the abstract shows that the assignment was made in his absence it does not show that appellant was ignorant of the assignment or surprise or in any wise prejudiced. On the contrary on the date assigned for hearing appellant filed his motion to cancel the assignment merely on the ground that no trial notice was filed and he had excepted. He made no claim that he was surprised or that he was not prepared or could not go on with the trial and showed no prejudice in any respect. Furthermore, the order of the court recites that ''by agreement of the parties hereto this matter is submitted to the court upon the Supreme Court decisions and abstracts filed before the Supreme Court.'' The parties were given five days in which to file briefs. There is no showing that the appellant was unable to or that he failed to file brief. He had agreed to the matters upon which the cause was to be submitted. The technical filing of the trial notice was not required by the order of May fifteenth. Everything was accomplished that would have been accomplished if the process of filing trial notice had been followed. Such a procedure would have been empty and useless. We find no merit in appellant's contention in this regard.

**II.** Appellant further contends that the property was sold under Section 7255, Code, 1927, for five per cent ($148.40) of the total amount of the 1920, 1921 and 1922 taxes aggregating $2961.35, including the paving tax and that plaintiff is, therefore, entitled to only five per cent of the taxes that were found to be legal on the former appeal, and that the remaining 95 per cent of the legal tax belongs to Woodbury county; that Woodbury county was a necessary party to the suit but was not made a party, and if appellant redeems his property he will still be subject to the claim of the county for the 95 per cent.

Only the amount which the plaintiff (not the county) is entitled to receive as a condition to permitting defendant to redeem is involved in this case. As will be seen by the opinion on the former appeal it was there determined that the defendant in order to make redemption ''shall pay the amount of all the taxes against the property at the time of the sale, not including the aforesaid assessment for paving, and all subsequent taxes shown to have been paid, with interest and penalties thereon, the

same as though there had been no sale." The amount of the taxes at the time of the sale were ascertained by the trial court in full accordance with our former determination which is conclusive and not now open to reconsideration.

III.  Defendant complains of the allowance by the district court of the second half of the 1926 tax, $17.15, and all of the 1927 tax, $34.62, with penalties, aggregating $67.81. The allowance of the amount paid for subsequent taxes for 1923 to and including first half of those for 1926 is in accordance with the directions of this court. The case was by agreement submitted "upon the Supreme Court decisions and abstracts filed before the Supreme Court in this matter." These, without more, did not warrant allowance for taxes paid for second half of 1926 or for 1927. Appellee refers to the finding "from the record and evidence submitted" that the items here questioned were paid but points to no "evidence submitted" showing that these disputed items of $17.15 and $34.68 were paid by plaintiff. There is no evidence that they were paid. The allowance of them is therefore not sustained by the record as made.

IV.  The original decree of the district court brought before this Court on the former appeal found plaintiff to be the owner in fee simple of the premises in question and quieted title in it. The decree now appealed from does not show the reversal of, nor does it set aside, the first decree. Strictly it should do so. It will be modified by cancelling the allowance for the second half of the taxes for 1926 and taxes of 1927 and penalties on both items and will be further modified by including a formal setting aside of the first decree when and on condition that the amount which the plaintiff is entitled to recover from the property in accordance with this opinion with interest and costs shall have been paid into court for the use of the plaintiff. Defendant argues that reasonable time should have been allowed in which to effect redemption. He will be allowed 30 days from the date of the filing in the district court of procedendo herein in which to make the payment and redemption hereby required.—Modified and affirmed.

FAVILLE, C. J., and EVANS, STEVENS, ALBERT, KINDIG, WAGNER, and GRIMM, JJ., concur.